**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **BRUKER SPATIAL BIOLOGY, INC. and BRUKER NANO, INC.,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Case No. 22 C 1375** |
| **10X GENOMICS, INC.,** | ) | |
| **Defendants.** | ) | |

**ORDER ON DEFENDANT'S MOTION TO STAY**

MATTHEW F. KENNELLY, District Judge:

Defendant 10x Genomics, Inc. has moved to stay proceedings in this patent infringement case pending resolution of two *inter partes* review (IPR) proceedings before the Patent Trial and Appeal Board (PTAB). This particular case, which is one of several related cases involving the plaintiff Bruker entities, 10x, the President and Fellows of Harvard College, and Vizgen, Inc., involves two patents held by Bruker: U.S. Patent Nos. 11,377,689 and 11,473,142. In September of this year, the PTAB instituted IPR proceedings regarding both patents.

NanoString Technologies, inc., Bruker's predecessor in interest, filed this suit in October 2022, asserting infringement claims regarding only the 142 patent. NanoString asserted infringement claims regarding the 689 patent earlier, in August 2022, in a counterclaim in Case No. 22-cv-261. The infringement claims were severed from that case in January 2023 and were then added to this case. NanoString identified the asserted claims from the 689 patent in January 2023 and from the 142 patent in May

2023. It provided proposed constructions in June 2023. 10x filed an IPR petition regarding the 689 patent in August 2023 and one regarding the 142 patent in September 2023. The petitions covered all claims of the asserted patents. The PTAB instituted IPRs on February 1, 2024 regarding the 689 patent and on September 5, 2024 regarding the 142 patent.

NanoString filed for bankruptcy on February 5, 2024. The present case, though filed by NanoString, was stayed at its request due to the bankruptcy in early March 2024. NanoString's assets were purchased by the Bruker entities in early May 2024. The stay of the present case was lifted by agreement on June 14, 2024. The parties proposed a case management schedule in mid-July 2024. Due to a delay on the Court's end, the schedule was not entered until October 7, 2024—but the Court did not stay discovery or anything else in the interim. The schedule is as follows:

> Fact discovery is to be completed by 2/28/2025. Opening Rule 26(a)(2) disclosures for party with burden of proof are due 5/21/2025; rebuttal Rule 26(a)(2) disclosures are due 6/18/2025; reply Rule 26(a)(2) disclosures are due 7/2/2025. Expert discovery is to be completed by 7/16/2025. Opening summary judgment/Daubert briefs are due 7/23/2025; responses are due 8/13/2025; replies are due 8/20/2025. Dates for trial and the final pretrial conference will be set at a later date.

Dkt. 145 (Oct. 7, 2024). Discovery has proceeded apace since that time. A very large amount of document production (including ESI) has been completed. Depositions have not yet begun, though they are about to.

Bruker is already operating at a disadvantage with respect to the scheduling of the related cases. The two cases in which it is a defendant are over with or at an advanced stage: the Court just denied Bruker's post-trial motions in Case No. 21-cv-653, and Case No. 22-cv-261 is set for trial in May 2025. The present case, in which

Bruker is the plaintiff, is lagging behind. Given (mainly) the scheduling of the other related cases, all of which involve overlapping parties and trials in February and May 2025, and (partly) its own schedule, the Court was unable to schedule the present case for trial before August 2025 and may return the case to a local District of Delaware judge at that time. The Court held off setting a trial date out of anticipatory deference to the Delaware-judge-to-be-determined-later, but now sets the present case for trial on November 3, 2025.

The PTAB has scheduled final written decisions on the IPRs by August 1, 2025 for the 689 patent and by September 5, 2025 for the 142 patent. 10x asks the Court to put the brakes on the present case until then. There are about two months left on fact discovery at this point. If a stay is imposed but the litigation ultimately resumes in whole or in part after the PTAB decisions, say by this time in September 2025, the schedule, rolled forward, would end up looking something like this:

> Fact discovery is to be completed by 11/28/2025. Opening Rule 26(a)(2) disclosures for party with burden of proof are due 2/21/2026; rebuttal Rule 26(a)(2) disclosures are due 3/18/2026; reply Rule 26(a)(2) disclosures are due 4/2/2026. Expert discovery is to be completed by 4/16/2026. Opening summary judgment/Daubert briefs are due 4/23/2026; responses are due 5/13/2026; replies are due 5/20/2026.

In that event, the case likely could not be tried until the fall of 2026. In other words, a stay would mean close to a one-year delay, during a period when Bruker will be required to continue litigating the cases in which it is a defendant.

In determining whether to grant a stay, a court considers whether doing so will simplify the issues for trial; the status of the litigation; and whether the non-moving party would suffer undue prejudice or the moving party would gain a clear tactical advantage. *See, e.g., British Tellcommc'ns PLC v. IAC/InterActive Corp.*, No. 18-366, 2019 WL

4740156, at *2 (D. Del. Sept. 27, 2019) (Bryson, J.). The Court addresses each of these points in turn.

There is a reasonable possibility chance that the IPR proceedings will simplify the issues, but it's not a sure thing. Unless 10x prevails across the board in the IPRs on all claims of both patents, some patent claims will remain alive in the present case. Bruker says that if that happens, the case will remain substantially the same, and 10x doesn't meaningfully dispute this.

Claim construction is finished. Document discovery is at an advanced stage, and the parties are poised to embark on a relatively fast deposition and expert discovery schedule, but discovery as a whole is maybe about halfway done. Up until just now, there was not a trial date, but it's fair to say that the parties have expected a trial in the fall of 2025, consistent with the date the Court has now set.

The main factor in this case, however, is undue prejudice and tactical advantage. In this regard, the Court considers not just this particular case in isolation, but the related litigation as a whole. Bruker is already facing a substantial judgment in Case No. 21-cv-653, and it is facing a May 2025 trial date as a defendant in Case No. 22-cv-261. The present case is the only one in which Bruker asserts affirmative patent infringement claims. And the parties are competitors. Bruker would be put at a significant tactical disadvantage were the present case placed on hold and delayed for, effectively, a year. That, in the Court's view, would be grossly unfair.

The Court therefore denies 10x's motion to stay.

**Conclusion**

For the reasons stated in this order, the Court denies defendant's motion to stay

[dkt. no. 138]. In addition, the Court sets the case for a five-day jury trial on November 3, 2025.

Date: December 26, 2024

MATTHEW F. KENNELLY
United States District Judge